**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | | |
|---|---|---|
| **ARTHUR CAMPOS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No.7:22-cv-00108** |
| **RIGHT START MORTGAGE, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), Defendant Right Start Mortgage, Inc. ("Defendant"), files this notice of the removal of this action from the County Court at Law No. 2, Ector County, Texas. Defendant submits this Notice in support of its removal. Removal is based on diversity of citizenship jurisdiction. Defendant respectfully shows as follows:

## INTRODUCTION

1.      On or about April 29, 2022, Plaintiff Arthur Campos ("Plaintiff") instituted this action, styled *Arthur Campos v. Right Start Mortgage, Inc.,* under Cause No. CC2-22-0127-CV in the County Court at Law #2, Ector County, Texas (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action are attached hereto within the contents of Exhibit B.

2.      Plaintiff filed his *Petition for Temporary Restraining Order, Temporary Injunction & Temporary Orders in Cause No. CC2-22-0127-CV* (the "Petition") on April 29, 2022. The allegations in the Petition relate to a deed of trust and foreclosure proceedings on real property located at 9102 Lamar Avenue, Odessa, Texas 79765. Plaintiff alleges he is attempting to assert a rescission right under the Truth in Lending Act. (*See*, *generally*, *Exhibit B.*)

3.      This Notice of Removal is timely because thirty (30) days have not expired since the case first became removable, making removal proper in accordance with 28 U.S.C. Section 1446(b)(3).

4.      This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant to diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A.      There is diversity between the parties.**

5.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1441(b) because the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorney fees.

6.      Plaintiff is an individual and citizen of the state of Texas. (*See Exhibit B*.)

7.      Right Start Mortgage, Inc. is a California corporation with its principal place of business in California, making it a citizen of California for diversity purposes.

8.      There is complete diversity between Plaintiff and Defendant in this matter. Plaintiff is a citizen of Texas and Defendant is a citizen of California.  Accordingly, there is complete diversity among the relevant parties.  *See* U.S.C. § 1332(a)(1).

**B.      The amount in controversy exceeds $75,000.00.**

9.      The amount in controversy exceeds the sum or value of $75,000.00. In the Fifth Circuit, when declaratory and/or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v.*

*Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

10.     "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.' This court considers market value to be the preferred method." *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted). A defendant who attaches to a notice of removal the local appraisal district's summary showing the market value of the property exceeds $75,000.00 meets the burden of establishing that diversity jurisdiction exits. *See id.* at *6; *see also Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 U.S. Dist. LEXIS 130940, at *11 (S.D. Tex. Dec. 10, 2010); *Funke v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 5:14-CV-307, 2014 U.S. Dist. LEXIS 104438, at *5–6 (W.D. Tex. July 31, 2014); *Johnson v. Wells Fargo Bank, N.A.*, No. 4:12CV768, 2013 U.S. Dist. LEXIS 41583, at *7 (E.D. Tex. Feb. 22, 2013). Here, Plaintiff requests an injunction prohibiting Defendants from foreclosing on the loan and selling the Property. (*See Pl's Pet.*)  The Ector County Appraisal District shows an appraisal value of the Property for the tax year 2022 at $303,288.00, well in excess of $75,000.00, exclusive of interest and costs. (Exhibits C, C-1.)

C.     **The claim of Plaintiff is a Federal question.**

11.     A case may be removed to Federal Court if the cause of action is created by federal law.

12.    Plaintiff's only claim against Defendant is under 15 U.S.C. § 1635, commonly referred to as the Truth in Lending Act. (*See Exhibit B*).

13.    Federal Courts have original jurisdiction as the only cause of action is a federal question.

## VENUE

14.    Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, Midland Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the County Court at Law No. 2, Ector County, Texas, the forum in which the removed action was pending.

## NOTICE

15.    Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the County Court at Law No. 2, Ector County, Texas.

16.    The contents of Exhibit B constitute the entire file of Cause No. CC2-22-0127-CV in the County Court at Law No. 2, Ector County, Texas.

## CONCLUSION

For the reasons described above, Defendant respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **KARLA M. BALLI**
    Texas Bar No. 24035997
    kballi@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## <u>List of All Parties</u>

Arthur Campos
Plaintiff

Right Start Mortgage, Inc.
Defendant

## <u>Removed From the Following Court</u>

County Court at Law #2
Ector County, Texas
Honorable Christopher M. Clark
Judge Presiding

300 North Grant, Room 235
Odessa, TX 79761
(432) 498-4120
Nicki Palmer, Coordinator
Nicki.palmer@ectorcountytx.gov

## <u>Current Status of Removed Case</u>

Pending.

## <u>Record of Jury Demand</u>

None.

## <u>List of all Counsel of Record</u>

<u>For Plaintiff Arthur Campos:</u>

Pro Se

<u>For Defendant Right Start Mortgage, Inc.</u>

Mark D. Cronenwett
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

Karla M. Balli
Texas Bar No. 24035997
kballi@mwzmlaw.com
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)

## INDEX OF DOCUMENTS ATTACHED

Exhibit A        Copy of the Docket Sheet for Cause No. CC2-22-0127-CV in the County Court at Law No. 2, Ector County, Texas;

Exhibit B

     B-1        Plaintiff's Petition for Temporary Restraining Order, Temporary Injunction & Temporary Orders, April 29, 2022;

     B-2        Temporary Restraining Order, May 2, 2022;

Exhibit C        Declaration of Karla M. Balli; and

     C-1        Printout from the Ector County, Texas Central Appraisal District website on May 2, 2022.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served via regular U.S. mail on the following counsel of record on May 5, 2022:

Arthur Campos
9102 Lamar Ave.
Odessa, Texas 79765
Rgcampos32@gmail.com

*/s/ Karla M. Balli*
**KARLA M. BALLI**